# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Toby Carl Crabtree, et. al.,
o/b/o Lindsey Paige Crabtree,

   Plaintiff

vs

Northwest Board of Education, et. al.,
   Defendants

Case No. C-1-04-311
(Spiegel, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

  On June 17, 2004, the Court issued an order directing that Plaintiffs obtain counsel to represent the minor child Lindsey Paige Crabtree and that such attorney enter an appearance within thirty (30) days of the order. (*See* Doc. 10). To date, Defendants have filed no response.

  Plaintiffs Toby Crabtree and James Crabtree filed this action on behalf of Lindsey Crabtree[1], a minor, presumably pursuant to 42 U.S.C. § 1983 alleging violations of their civil rights. (Doc. 1). Plaintiffs are all acting pro se.

  O.R.C. § 4705.01 provides in pertinent part that:

  No person shall be permitted to practice as an attorney and counselor

---

[1] Toby Crabtree, Lindsey's father, filed this action together with his father, James Crabtree, Lindsey's grandfather.

> at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. Except as provided in section 4705.09 of the Revised Code or in rules adopted by the supreme court, admission to the bar shall entitle the person to practice before any court or administrative tribunal without further qualification or license.

Federal Rule of Civil Procedure 17 provides in pertinent part that:

> Minors or incompetent persons. Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person does not have a duly appointed representative the minor may sue by a next friend or defend by a guardian ad litem. When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person.

Thus, while Plaintiffs Toby Crabtree and James Crabtree may sue on behalf of the minor child as next friend or guardian, they may not undertake the legal representation of Lindsey Crabtree unless they are attorneys admitted to the bar of this state by order of the Ohio Supreme Court in compliance with its prescribed and published rules. *See Otto v. Patterson*, 180 N.E.2d 595 (Ohio 1962); *see also Williams v. Global Constr. Co., Ltd.*, 498 N.E.2d 500 (Ohio Ct. App. 1985). Neither Toby nor James Crabtree are attorneys admitted to the bar of this state. As such, the Complaint filed by them on behalf of the minor child, Lindsey Crabtree is invalid. Plaintiffs were, therefore, ordered to obtain counsel to represent the minor child, Lindsay Crabtree and have said attorney enter an appearance with the Court within thirty days. Plaintiffs have failed to comply with this Court's order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31

(1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978); *see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)). Accordingly, we recommend that Plaintiffs' Complaint be DISMISSED for failure to prosecute.

### IT IS THEREFORE ORDERED THAT:

1) Plaintiffs' Complaint be DISMISSED WITH PREJUDICE for failure to prosecute and this case be TERMINATED on the Court's Docket.

2) The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from any Order adopting this Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Date: 2/4/05

Timothy S. Hogan
United States Magistrate Judge

## NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 2-4-05 . Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

1:04 cv 311 doc.#14

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) — C. Date of Delivery |
| 1. Article Addressed to:<br>James Carl Crabtree<br>1046 Waddell Road<br>McDermott, OH 45652 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1410 1039 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) — C. Date of Delivery |
| 1. Article Addressed to:<br>Toby Carl Crabtree<br>1052 Waddell Road<br>McDermott, OH 45652 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1410 1022 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540