UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOBY CRABTREE, et al.,           :
                                 :   NO. 1:04-CV-00311
        Plaintiffs,              :
                                 :
                                 :   **OPINION AND ORDER**
    v.                           :
                                 :
                                 :
NORTHWEST BOARD OF EDUCATION,    :
    et al.,                      :
                                 :
        Defendants.

On May 7, 2004, Plaintiffs James and Toby Crabtree
purported to file the instant suit pro se on behalf of minor
Lindsey Crabtree[1] against Defendants Northwest Board of Education,
the Ohio Department of Education, the Superintendent of the
Northwest Local School District, and the Principal and Assistant
Principal of Northwest Middle School pursuant to 42 U.S.C. § 1983,
claiming violations of Lindsey Crabtree's civil rights (doc. 1).
On June 17, 2004, the assigned Magistrate Judge issued a show cause
order (doc. 10) compelling the Plaintiffs to obtain counsel to
represent the minor child in this case within 30 days. Plaintiffs
failed to do so. Accordingly, the Magistrate Judge issued a Report
and Recommendation on February 4, 2005 (doc. 14), recommending that
the case be dismissed with prejudice for failure to prosecute.
Plaintiffs were afforded proper notice of the Magistrate Judge's

---

[1] Toby Crabtree, Lindsey's father, filed this action with
his father, James Crabtree.

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. Plaintiffs have failed to do so within the time prescribed, rendering the matter ripe for decision.

Having reviewed the matter de novo, the Court finds that the right of a party to represent him or herself pro se is well established in the law.  For example, pursuant to 28 U.S.C. § 1654, a party enjoys the right to act as their own counsel in federal court.  In the same vein, Ohio Rev. Code § 4705.01 provides that a person may not practice as an attorney unless he is the party which is directly "concerned" with the case.  Although Fed. R. Civ. P. 17(c) endows a "representative, such as a guardian or other like fiduciary" to "sue or defend on behalf of [a] minor," relevant Sixth Circuit precedent precludes a non-attorney parent or guardian from serving as legal counsel on their minor child's behalf.  See Cavanaugh v. Cardinal Local School District, 409 F.3d 753, 755 (6th Cir. 2005)(holding that "parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.").

Despite ordering the Plaintiffs to obtain counsel, they failed to do so.  Accordingly, the Magistrate Judge's recommendation that the case be dismissed for failure to prosecute is well taken.  The Court is unwilling, however, to accept the

-2-

Magistrate Judge's recommendation that the suit be dismissed with prejudice; to do so would be to preclude the minor's ability to bring the instant case as a result of a threshold misunderstanding of procedural requirements. The Court believes that the interests of justice would not be effectively served by so doing.

Accordingly, the Magistrate Judge's Report and Recommendation (doc. 14) is ADOPTED IN PART and REJECTED IN PART. The Complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

SO ORDERED.

/s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge

DATE: August 12, 2005